IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**VERSATA SOFTWARE, INC. AND
VERSATA DEVELOPMENT GROUP,
INC.,**
          **Plaintiffs,**

-vs-

**ZOHO CORPORATION,
          Defendant.**

CAUSE NO.:
A-13-CA-00371-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause and specifically Defendant Zoho Corporation (Zoho)'s Motion for Summary Judgment [#93], Plaintiffs Versata Software, Inc. and Versata Development Group, Inc. (collectively, Versata)'s Response [#97] thereto, Zoho's Reply [#99] thereto, and Versata's Sur-reply [#100] thereto. Having considered the documents, the case file as a whole, and the governing law, the Court now enters the follow opinion and order.

### Background

I.    Patent-in-suit

Versata is suing Zoho for patent infringement of United States Patent Number 7,092,740 (the '740 Patent), which was issued in 2006 and is titled "High Density Information Presentation Using Space-Constrained Display Device." The '740 Patent innovated in the then-young mobile devices space and allows for the creation of certain "external states" a user wishes to monitor. For example, a user might want to remotely monitor the CPU load on a critical server at any given time and want different indications of that state which can be easily and readily

understood. Different colors might be used as indications of the monitored state: green if load is less than 50%, yellow if load is between 50% and 75%, and red if load exceeds 75%. The '740 Patent allows a user to set up the system so information related to the monitored server is sent to one or more mobile devices and displayed compactly using the user-configured indicators in the display. Some of the claims of the '740 Patent cover displays combining graphical and textual representations while other claims cover displaying the data in two-dimensional arrays.

The goal of the '740 Patent's innovation is to allow a relatively large amount of data about particular external states to be easily monitored on mobile devices and for the information to be digested by the user at a glance. Excessive clicking and linking is reduced or eliminated, and critical information is clearly displayed on the space-constrained mobile device. These useful compact displays are coupled with the flexibility of allowing a non-programmer user to configure what external states to monitor and how to monitor them. This combination creates a useful system for monitoring data from a mobile device.

## II.     Procedural History

On May 28, 2014, the Court, through Special Master Karl Bayer, held the *Markman* hearing in this case. Subsequently, on July 31, 2014, the Court held a supplemental *Markman* hearing on the disputed indefiniteness of two claim terms in light of the Supreme Court's decision in *Nautilus v. Biosig Instruments Inc.*, 134 S. Ct. 2120 (2014). The Special Master issued his Report and Recommendation on claim construction on September 26, 2014. R. & R. [#81]. On January 15, 2015, this Court entered its claim construction order accepting the Special Master's recommended constructions, with two modifications relating to the '740 Patent. Order of Jan. 15, 2015 [#88].

Zoho filed a motion for summary judgment on July 21, 2015, arguing the '740 Patent is invalid because it claims an abstract idea in violation of *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014). Versata responded on August 7, 2015, making Zoho's motion for summary judgment ripe for consideration. Both parties filed replies.

### Analysis

**I.**  **Legal Standard**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

**II.**  **Application**

Under Section 101 of the Patent Act, "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. However, Section 101 also "contains an important implicit exception: laws of

nature, natural phenomena, and abstract ideas are not patent-eligible." *Alice*, 134 S. Ct. at 2354 ("[T]he concern that drives this exclusionary principle [i]s one of pre-emption."). Yet, the Supreme Court has cautioned that at some level, "all inventions . . . embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1293 (2012). As a result, courts must "tread carefully in construing this exclusionary principle, lest it swallow all of patent law." *Alice*, 134 S. Ct. at 2354.

In *Alice*, the Court articulated a two-step framework "for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Id.* at 2355. A court must first "determine whether the claims at issue are directed to one of those patent-ineligible concepts" stated above. *Id.* If they are, the court then moves to the second step: determining whether the additional elements of each claim represent an "'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Id.* at 2357.

In this case, Zoho alleges the '740 Patent claims patent-ineligible subject matter, because it is directed at "the disembodied idea of using symbols on a display to represent external information and updating these symbols as that information changes." Mot. Summ. J. [#93] at 6. According to Zoho, the '740 Patent fails to disclose any technological advance and instead "recites only functional steps implemented using generic computing equipment and functionality." *Id.* at 7. In response, Versata argues that at the time the '740 Patent was issued, the growth of mobile device usage led to a corresponding increase in the demand for rich information content; however, the "inevitable" space constraints on mobile devices "limit[ed] the richness of information content available to a user." Resp. [#97] at 9. The '740 Patent, then, had

"the specific technical objective of allowing status updates to be displayed more efficiently within the limited display screen of a mobile phone, pager, PDA or similar mobile device." *Id.*

Indulging every inference in Versata's favor, the Court concludes the '740 Patent does not embody an impermissibly abstract idea. Therefore, the Court need not determine whether the claims at issue contained an inventive concept sufficient to transform the allegedly abstract idea into patent-eligible subject matter.[1]

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Zoho's Motion for Summary Judgment [#93] is DENIED.

SIGNED this the 26th day of October 2015.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

[1] In denying Zoho's motion for summary judgment, the Court recognizes the potentially meritorious arguments Zoho proffered under the second *Alice* step; indeed, it may well be that the '740 Patent implements an idea using only conventional and well-known technologies. However, these arguments are best submitted to the Court in conjunction with the well-established body of law addressing the novelty and non-obviousness of patents.